McClendon, Judge.
Plaintiff, the designated beneficiary under an insurance policy on the life of Charles Simms, appeals a judgment rejecting her demand for the benefits under the policy. We affirm.
On May 22, 1978, United Insurance Company of America insured the life of Charles Simms and Alberta Simms was made beneficiary. Under the terms of the policy the insured was obligated to pay weekly premiums. The policy provided for a grace period of four weeks for the payment of each premium after the first, during which time the policy would remain in force. If the premium remained unpaid at the end of the grace period, the policy would then lapse and no longer be in force. The policy contained no provisions waiving the premiums during a period of disability.
Mr. Simms paid his initial premium on May 22, 1978, but failed to pay the premiums due on May 29 and June 5th. On June 9, 1978, he was injured and remained in a comatose state until his death on July 7, 1978. On the date of insured’s death the premiums on the insurance policy were in default and the four-week grace period had elapsed as of June 29, 1978.
Plaintiff contends that the grace period was extended because the insured’s comatose condition rendered him incapable of paying the premiums and, therefore, she is entitled to recover under the policy as beneficiary.
Defendant contends that the four corners of the policy govern the obligations of the parties and the unambiguous provisions of the insurance contract limiting and defining coverage must be given effect.
Plaintiff cites the cases of Bell v. Acacia Mutual Ins. Co., 16 So.2d 821 (La.1944) and Hickman v. Pan-American Life Ins. Co., 186 La. 997, 173 So. 742 (La.1937), and urges the court to apply by analogy the rules set forth in these cases. However, the life insurance contracts in both of these cases *1170 contained total disability waiver of premium benefits. The policies also required that the insured who became totally disabled furnish proof thereof to the insurer before default in the payment of a premium in order to claim the waiver of premium benefit. In both cases the total disability of the insured was insanity and no notice of this disability was given prior to default on a premium payment. In both cases it was held that the insured was not obligated to give the notice required by the policy in order to claim the disability waiver of premium benefit because the disability itself rendered compliance with the notice requirement impossible and the beneficiaries were, therefore, entitled to recover.
In its well reasoned and written opinion, the trial court distinguished these cases for the following reasons:
“In the instant case, the insurance policy does not contain a clause waiving payment of premiums because of total disability. Had it contained such a provision, no doubt the cases cited by plaintiff would have been entirely applicable because the insurer would have contracted to waive future premiums not in default if Simms became totally disabled, which he obviously did. Additionally, because of his unconsciousness, he would not, under the rationale of the above cited cases, have to comply with any notice. However, it is of importance to note that Simms did not contract for this type coverage. Thus, he undertook upon himself the risk that he might become totally disabled and not be able to pay his premiums as required under the policy. Additionally, there are other significant differences between the hereinabove cited cases and the instant case. In the cited cases, the insureds were in fact totally disabled and clearly entitled to the waiver of premium benefits. The only condition of the policies they could not comply with was the notice condition, and the Supreme Court waived this condition because of the nature of their disability. In the instant case, it would be mere speculation to assume that Simms would have paid the delinquent premiums had he been conscious since he had defaulted on the May 29 and June 5 premium payments before he became injured. He may have intended to let the policy lapse. However sympathetic the Court may be with the fact that Simms was injured and rendered unconscious, it can ill afford to grant equitable relief in such a speculative situation and, further, it cannot overlook the fact that should Simms have become totally disabled, though not unconscious, and unable to pay his premiums, the policy would have lapsed at the end of the grace period since he did not seek to insure himself against the disability risk.”
The trial court further opined “that the contract between the parties must govern because it is clear and unambiguous and falls within the general rule to the effect that the disability of the insured does not excuse nonpayment of premiums so as to keep the policy in force where there is no provision for waiver during disability.”
The payment of weekly premiums on time was the prime consideration for issuing the contract of insurance. The premiums were in default when Simms was injured and rendered unconscious; the grace period had expired when Simms died; and the policy contained no provision for disability waiver of premiums. Therefore, the trial court was entirely correct in denying plaintiff’s claim.
The judgment is affirmed at appellant’s cost.